**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1176**

JUAN OCTAVIO RAMOS-GONZALEZ,

            Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

            Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted: September 22, 2011        Decided: November 10, 2011

Before MOTZ, KEENAN, and WYNN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Marc Seguinót, SEGUINÓT & ASSOCIATES, PC, Dunn Loring, Virginia,
for Petitioner.  Tony West, Assistant Attorney General, Cindy S.
Ferrier, Senior Litigation Counsel, Michele Y. F. Sarko, Office
of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Octavio Ramos-Gonzalez, a native and citizen of Nicaragua, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his applications for withholding from removal and withholding under the Convention Against Torture ("CAT"). We deny the petition for review.

To establish eligibility for withholding of removal, an alien must show a clear probability that, if he was removed to his native country, his "life or freedom would be threatened" on a protected ground. 8 U.S.C. § 1231(b)(3)(A) (2006); see Camara v. Ashcroft, 378 F.3d 361, 370 (4th Cir. 2004). A "clear probability" means that it is more likely than not that the alien would be subject to persecution. INS v. Stevic, 467 U.S. 407, 429-30 (1984). Persecution "involves the infliction or threat of death, torture, or injury to one's person or freedom[.]" Qiao Hua Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks omitted). "Persecution is an extreme concept that does not include every sort of treatment that our society regards as offensive." Id. (internal quotation marks omitted). Withholding of removal is mandatory for anyone whose establishes that their "life or freedom would be threatened . . . because of [their] race, religion, nationality,

membership in a particular social group, or political opinion."
8 U.S.C. § 1231(b)(3)(A) (2006).

A determination regarding eligibility for withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate deference to the BIA's interpretation of the INA and any attendant regulations[.]" Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002). Because the Board affirmed the immigration judge's order and supplemented it, both decisions are subject to judicial review. Niang v. Gonzales, 492 F.3d 505, 511 n.8 (4th Cir. 2007).

Ramos-Gonzalez based his claim on his membership in a particular social group: Nicaraguan homosexuals. The immigration judge found Ramos-Gonzalez was credible and that he was a member of that particular social group. The immigration judge denied withholding from removal on the basis that Ramos-

Gonzalez did not show that it was more likely than not that he will be persecuted in Nicaragua because of his membership in a particular social group.

We conclude that substantial evidence supports the immigration judge's and the Board's findings and the record does not compel a different result. The evidence shows that homosexuality was decriminalized in Nicaragua in 2008 and that the government is making attempts to prevent discrimination based on sexual orientation. We note that the record is very short of any evidence that homosexuals in Ramos-Gonzalez's position are facing a threat of persecution or that the Nicaraguan government is unwilling or unable to protect homosexuals. While the record does show that homosexuals in Nicaragua are discriminated against in education, housing and employment, there is no evidence that such discrimination rises to the level of economic persecution. Economic penalties may rise to the level of persecution only if the sanctions "are sufficiently harsh to constitute a threat to life or freedom." Qiao Hua Li, 405 F.3d at 177 (internal quotation marks omitted).[*]

---

[*] Ramos-Gonzalez has waived review of the immigration judge's decision denying relief under the CAT. The Board noted that he did not raise a challenge to that finding on appeal. We note that he does not contest that in this petition for review. Pursuant to 8 U.S.C. § 1252(d)(1) (2006), "[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of (Continued)

4

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

right[.]" This court has noted that "an alien who has failed to raise claims during an appeal to the [Board] has waived his right to raise those claims before a federal court on appeal of the [Board's] decision." Farrokhi v. INS, 900 F.2d 697, 700 (4th Cir. 1990). Moreover, this court has held that it lacks jurisdiction to consider an argument not made before the Board. Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004).